NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOONHEE JANG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS & COMPANY,<br><br>Defendant-Appellee. | No.    15-17431<br><br>D.C. No. 5:15-cv-03719-NC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON,[**] District Judge.

Soonhee Jang ("Jang") appeals the district court's decision to dismiss her

claims against E.I. du Pont de Nemours and Company's ("Du Pont") for breach of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

contract and violation of California's Unfair Competition Law ("UCL"). We have jurisdiction under 28 U.S.C. § 636(c)(3). We review the district court's determination *de novo*,[1] and we AFFIRM.[2]

The pertinent Paragraph of the disputed Contract, which the parties agree is governed by Delaware law, states,

> **Termination of Employment** . . . **Due to Lack of Work**
>
> If you are an active employee for six months following the Date of Grant, **the Options will be exercisable through the date that is one year after the date of your termination of employment**, or, if earlier, the Expiration Date set forth above. **After that date, any unexercised Options will expire. Any unvested Options as of the date of termination will continue to vest** in accordance with the Vesting Schedule set forth above.

(emphasis added).

Jang was terminated from DuPont in June 2014, at which point some of the Options she had been awarded were not scheduled to vest until a time that was more

---

[1] Dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), In re Cutera Sec. Litig., 610 F.3d 1103, 1107 (9th Cir. 2010), and "determinations of whether contract language is ambiguous," U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281 F.3d 929, 934 (9th Cir. 2002), are reviewed *de novo*.

[2] We agree with Jang, over DuPont's objections, that she did not waive her argument that the employment Contract was ambiguous, since (1) she raised this argument as an alternative argument in her opposition to DuPont's motion to dismiss, (2) she raised this argument at oral argument, and (3) the district court made an explicit finding that the Contract was not ambiguous.

than one year after June 2014. She claims that DuPont's refusal to permit her to exercise those Options amounts to a breach of contract, for which she is entitled to damages and equitable relief.

While DuPont's Contract is certainly not a model of clarity, we hold, applying principles of Delaware corporate law, that the Contract is not ambiguous, and that it is logically capable of only DuPont's interpretation.

Rhone-Poulenc Basic Chemicals Co. v. Am. Motorists Ins. Co., 616 A.2d 1192 (Del. 1992) is the leading Delaware case regarding determinations of contractual ambiguity, and articulates the following "objective person" test:

> A contract is not rendered ambiguous simply because the parties do not agree upon its proper construction. Rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings. Ambiguity does not exist where the court can determine the meaning of a contract without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends. Courts will not torture contractual terms to impart ambiguity where ordinary meaning leaves no room for uncertainty. The true test is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant.

Id. at 1196 (citations and quotation marks omitted).

Applying the Rhone-Poulenc test, it is clear that the Contract is susceptible to only DuPont's interpretation. That is, as the district court concluded, the term "any"

3

in "any unexercised Options will expire after [one year from the termination date]" refers both to "unexercised Options" that have already vested, and to "unexercised Options" that have not yet vested. While Jang is correct that unvested options are not exercisable, there is no basis under Delaware law to conclude that a contract cannot provide for the expiration of a stock option before it vests, for example before it is exercisable.

Nor is there any legal principle prohibiting the expiration of options before their vesting. See, e.g., Butvin v. DoubleClick, Inc., 2001 WL 228121, at *9 (S.D.N.Y. Mar. 7, 2001), aff'd, 22 F. App'x 57 (2d Cir. 2001) (applying Delaware corporate law, and explaining that an employee "ha[s] no ownership interest in stock options before they vest[]" and therefore an employee with unvested stock options "cannot argue that he had been deprived of anything to which he was entitled"). Here, even if the phrase "any unexercised Options will expire" *did*, as Jang contends, refer only to vested Options, then any unvested Options that subsequently vested after one year from her termination—"in accordance with the Vesting Schedule"—would be meaningless, because they would simply become "unexercised Options" that had already expired. In that case, Jang could not successfully argue that she was denied the benefit of the unvested Options, because they were a benefit to which she had never been entitled in the first place.

Concluding that the Contract is susceptible only to DuPont's interpretation does not, as Jang contends, render the last sentence of the Paragraph superfluous. Instead, the only logical function of the last sentence of the Paragraph is to explain that Options that had not vested by the date of Jang's termination would continue to vest until one year after her termination, such that she would be entitled to exercise any Options that vested in that one-year window.

Accordingly, the district court properly dismissed Jang's breach of contract claim. See VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 615 (Del. 2003) (A trial court may dismiss a claim for failure to state a claim upon which relief can be granted if it "appears with reasonable certainty that the plaintiff cannot prevail on any set of facts which might be proven to support the allegations in the complaint."). Because, as Jang concedes, her UCL claim is derivative of her breach of contract claim, that claim was also properly dismissed.

**AFFIRMED.**